UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1259 CDP |
| | ) | |
| CITY OF CRYSTAL CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' unopposed motions to dismiss. Defendants move to dismiss plaintiff's *pro se* complaint alleging violations of the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Defendants contend that plaintiff's complaint fails to state claims under Fed. R. Civ. P. 12(b)(6). I agree. "To survive a motion to dismiss [under 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "pro se complaints are to be construed liberally," the Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Here, plaintiff's complaint contains *no* factual allegations – let alone legally sufficient ones – that would permit the Court to conclude that plaintiff has stated claims against any defendants. Under the section of his complaint entitled "Facts," plaintiff merely alleges that "exhibits and affidavits of facts of all defendants paperwork number in order of the defendants listed on page one 3 through 13 incorporated herein by reference." Plaintiff then attaches what appear to be copies of municipal citations and other state court documents to his complaint. Plaintiff provides no explanation of what these documents are or how they relate to this case. More importantly, plaintiff provides no factual allegations of any kind relating to any defendants. The Court has no idea what plaintiff is complaining about or how any of these defendants allegedly violated any of his federally protected rights. The Court is not required to supply facts where none exist or

construct legal theories for plaintiff based on random documents attached to a complaint. *Stone,* 364 F.3d at 914. Rote conclusory allegations that plaintiff's rights were violated are insufficient to state claims under Fed. R. Civ. P. 12(b)(6). *Iqbal*, 556 U.S. at 678. For this reason, plaintiff's complaint will be dismissed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#25, 28] are granted, and plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions [#3] are denied as moot.

A separate Order of Dismissal will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2015.

---

[1] Plaintiff's complaint is also subject to dismissal for the additional reasons stated by defendants in their unopposed motions to dismiss.